UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LAVAUD DESMOULINS, ASHLEYA DESMOULINS,
an infant under the age of fourteen by her f/n/g
LAVAUD DESMOULINS, LUTETIA DESMOULINS,
an infant under the age of fourteen by her f/n/g
LAVAUD DESMOULINS,

Plaintiffs,

-against-

CITY OF NEW YORK, WINDZA MURAT FRANCOIS
(Tax No. 937157), JOEL DICKERMAN (Tax No.
900085), ANTHONY DIMICHELE (Tax No. 930057),
"JOHN" CAROLTY, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

Defendants,

--------------------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JAN 0 8 2008   ★

COMPLAINT
BROOKLYN OFFICE

**cv 08   0086**

Index No.:

Jury Trial Demanded

# COGAN, J.

# REYES, M.J

Plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA

DESMOULINS by their attorneys, Leventhal & Klein, LLP, complaining of the defendants,

respectfully allege as follows:

## **Preliminary Statement**

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiffs also assert supplemental state law claims.

1

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff LAVAUD DESMOULINS is a Haitian male, and at all relevant times a resident of the City and State of New York. Plaintiff ASHLEYA DESMOULINS is a Haitian female, and at all relevant times a resident of the City and State of New York.  Plaintiff LUTETIA DESMOULINS is a Haitian female, and at all relevant times a resident of the City and State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants,

2

WINDZA MURAT FRANCOIS (Tax No. 937157), JOEL DICKERMAN (Tax No. 900085),

ANTHONY DIMICHELE (Tax No. 930057), "JOHN" CAROLTY, and JOHN and JANE DOE

1 through 10, were duly sworn police officers of said department and were acting under the

supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City

New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said

defendants while acting in furtherance of their employment by defendant CITY OF NEW

YORK.

## FACTS

13.     On October 12, 2006, at approximately 5:15 p.m., plaintiffs LAVAUD

DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS were lawfully

present inside the NYPD 69th Precinct, which is located in Brooklyn, New York, for the purpose

of filing a complaint.

14.     At the aforesaid time and place, the defendants, members of the New York City

Police Department, unlawfully and without reasonable suspicion or just cause arrested plaintiff

LAVAUD DESMOULINS, who had committed no crime whatsoever, assaulted and battered

him, sprayed him with a chemical agent, and placed excessively tight handcuffs on his wrists,

3

thereby causing plaintiff severe and permanent injuries. Plaintiff LAVAUD DESMOULINS was detained for an extended period of time and brought to Kings County Hospital to receive medical treatment for the injuries inflicted by defendants. Plaintiff LAVAUD DESMOULINS was thereafter brought to Bellevue Hospital wherein defendants forced him to undergo a psychiatric evaluation in an effort to cover up their misconduct. After plaintiff was cleared by Bellevue as not a danger to himself or others, plaintiff LAVAUD DESMOULINS was then taken to the 69th precinct, where the defendants concocted false charges to cover up their abuse of plaintiff. Plaintiff LAVAUD DESMOULINS was finally arraigned in Kings Criminal Court and prosecuted at the behest of the defendants until the proceedings were dismissed and sealed on or about April 13, 2007. Furthermore all of the foregoing occurred while infant plaintiffs ASHLEYA DESMOULINS and LUTETIA DESMOULINS watched in fear and horror as their father was physically attacked and arrested by NYPD officers. Infant plaintiffs ASHLEYA DESMOULINS, who was five years old at the time, and LUTETIA DESMOULINS, who was just shy of her third birthday, were held against their will in ACS custody until October 13, 2006. Thereafter, plaintiff LAVAUD DESMOULINS was investigated on baseless charges of child abuse/maltreatment which were initiated by defendants. The investigation concluded via a determination that the charges were "unfounded".

15.    As a result of the foregoing, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS sustained, *inter alia*, physical injuries (LAVAUD DESMOULINS only), severe emotional distress and mental anguish, embarrassment, and humiliation, interference with familial relations, loss of services, deprivation of liberty and violation of their constitutional rights.

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

16.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

18.     All of the aforementioned acts deprived plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

22.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in
paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23.     The supervisory defendants personally caused plaintiffs' constitutional injuries by
being deliberately or consciously indifferent to the rights of others in failing to properly
supervise and train their subordinate employees.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

24.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in
paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     Defendants had an affirmative duty to intervene on behalf of plaintiffs LAVAUD
DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS, whose
constitutional rights were being violated in their presence by other officers.

26.     The defendants failed to intervene to prevent the unlawful conduct described
herein.

27.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended
period of time, they were put in fear of their safety, plaintiff LAVAUD DESMOULINS was
subjected to excessive force, and they were humiliated and subjected to handcuffing and other
physical restraints, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

28.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

6

paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

30. As a result of the foregoing, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS were deprived of their right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (False Arrest 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. The defendants falsely arrested and detained plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS against their will and without any probable cause.

33. The false arrest of the plaintiffs violated their Fourth and Fourteenth Amendment rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants compelled plaintiff LAVAUD DESMOULINS to defend charges in criminal court and before ACS in an effort to cover up the above-described misconduct.

36. Defendants caused plaintiff LAVAUD DESMOULINS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

7

their acts of brutality and abuse of authority.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

37.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The level of force employed by defendants was excessive and objectively unreasonable, thereby violating plaintiff LAVAUD DESMOULINS rights under the Fourth and Fourteenth Amendments.

39.     As a result of the aforementioned conduct of defendants, plaintiff LAVAUD DESMOULINS was subjected to excessive force and sustained physical and emotional injuries

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully assaulting and battering innocent individuals descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS rights as

8

described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS.

44.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS as alleged herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS as alleged herein.

46.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS were unlawfully detained, beaten, incarcerated, and deprived of their liberty.

47.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS constitutional rights.

9

48.     All of the foregoing acts by defendants deprived plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS of their federally protected rights, including, but not limited to, the right:

     A.     Not to be deprived of liberty without due process of law;

     B.     To be free from seizure and arrest not based upon probable cause;

     C.     To be free from false arrest;

     D.     To receive equal protection under law;

     E.     To be free from the failure to intervene; and

     F.     To be free from excessive force by police officers.

49.     As a result of the foregoing, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

50.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53.     The action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

54.    Plaintiffs have complied with all conditions precedent to maintaining the instant

action.

55.    This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The defendants falsely imprisoned plaintiffs LAVAUD DESMOULINS,

ASHLEYA DESMOULINS, and LUTETIA DESMOULINS against their will without any

probable cause.

58.    As a result of the foregoing, the defendants violated New York State common law

and the New York State Constitution.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Abuse of Process under the laws of the State of New York)

59.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants maliciously abused process against plaintiff LAVAUD

DESMOULINS by causing him to be prosecuted in connection with the incident of October 12,

2006.

61.    Defendants caused plaintiff LAVAUD DESMOULINS to be prosecuted in order

to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

their acts of brutality and abuse of authority.  Consequently, defendants violated New York State

11

common law and the New York State Constitution.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants initiated, commenced and continued criminal proceedings against plaintiff by falsely reporting the incident to the Kings County District Attorney's office and ACS.

64.     Defendants caused plaintiff LAVAUD DESMOULINS to be prosecuted without any probable cause until all of the charges were dismissed and sealed on or about April 13, 2007. Defendants committed malicious prosecution in violation of New York State common law and the New York State Constitution.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

65.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     As a result of the foregoing, plaintiff LAVAUD DESMOULINS was placed in apprehension of imminent harmful and offensive bodily contact.

67.     As a result of defendant's conduct, plaintiff LAVAUD DESMOULINS has suffered physical pain and injuries, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

12

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

70.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

71.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

72.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

73.     As a result of the aforementioned conduct, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

74.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of force and detention of plaintiffs.

13

76.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Upon information and belief, the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the use of force and detention of plaintiffs.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

81.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants made offensive contact with plaintiff without privilege or consent.

83.     As a result of defendant's conduct, plaintiffs have suffered physical pain and

14

injuries, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

84.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

86.     As a result of the foregoing, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and LUTETIA DESMOULINS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of the action.

**WHEREFORE**, plaintiffs LAVAUD DESMOULINS, ASHLEYA DESMOULINS, and

LUTETIA DESMOULINS demand judgment and pray for the following relief, jointly and

severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of the action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 4, 2008

                                LEVENTHAL & KLEIN, LLP
                                45 Main St., Suite 230
                                Brooklyn, New York 11201
                                (718) 722-4100

                                By:   _____
                                      BRETT H. KLEIN

                                Attorneys for Plaintiffs

16