UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAVAUD DESMOULINS, ASHLEY A DESMOULINS, an infant under the age of fourteen by her f/n/g LAVAUD DESMOULINS, LUTETIA DESMOULINS, an infant under the age of fourteen by her f/n/g LAVAUD DESMOULINS,

                          Plaintiffs,

-against-

THE CITY OF NEW YORK, WINDZA MURAT FRANCOIS (Tax No. 937157), JOEL DICKERMAN (Tax No. 900085), ANTHONY DIMICHELE (Tax No. 9300057), "JOHN" CAROLTY, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, DICKERMAN, AND DIMICHELE TO THE COMPLAINT**

08-CV-086 (BMC)

JURY TRIAL DEMANDED

      The City of New York ("City"), Sergeant Joel Dickerman ("Dickerman"), and Police Officer Anthony DiMichele ("DiMichele")[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action and proceed as stated therein.

      2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

---

[1] Upon information and belief, Officer Windza Murat Francois has not yet been served in this action, and as such is not a party.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. The allegations set forth in paragraph "5" are not averments of fact, as such no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that defendants Dickerman, DiMichele and Windza Murat Francois are currently employed as New York City police officers.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

11. The allegations set forth in paragraph "11" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

12. The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

17. The allegations set forth in paragraph "17" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "22" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, including all subparts thereto.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "50" of the complaint, except admit that plaintiffs a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 15, 2006.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that no payment has been made.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff purports to proceed as stated therein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. The allegations set forth in paragraph "55" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. In response to the allegations set forth in paragraph "77" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants City, Dickerman, and DiMichele repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

87. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

88. Defendants City, Dickerman, and DiMichele have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

89. Defendants Dickerman and DiMichelle have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

90. At all times relevant to the acts alleged in the complaint, defendants Dickerman and DiMichele acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

91. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

92. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

93. This action may be barred in part by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

94. Plaintiffs failed to comply with the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

95. There was probable cause for plaintiff Lavaud Desmoulins' arrest, detention, and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

96. Plaintiff Lavaud Desmoulins provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

97. Punitive damages cannot be assessed against defendant City.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

98. Any removal of plaintiffs Ashley and Lutetia Desmoulins was justified and reasonable.

**WHEREFORE,** defendants City, Dickerman, and DiMichele request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 11, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants City, Dickerman and DiMichele
> 100 Church Street, Room 3-213
> New York, New York 10007
> (212) 788-1298
>
> By: _____/S/_____
>   Douglas W. Heim
>   Assistant Corporation Counsel